Stephen R. Jaffe   SBN 48539
The Jaffe Law Firm
1 Sansome Street, Suite 3500
San Francisco, CA 94104
stephen.r.jaffe@jaffetriallaw.com
415.618.0100
Attorneys for Plaintiff ANTHONY WINCKOWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANTHONY WINCKOWSKI, | Case No. |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | [1] UNLAWFUL WORKPLACE RETALIATION (California Labor Code §1102.5); |
| HUMAN INTEREST, INC., | |
| Defendant. | {2} VIOLATION OF BUSINESS & PROFESSIONS CODE §17200 |
| | [3] WRONGFUL TERMINATION AGAINST PUBLIC POLICY |

Plaintiff, ANTHONY WINCKOWSKI, alleges:

1. Plaintiff is a natural person and citizen the State of California.

2. The defendant HUMAN INTEREST, INC. ("HUI") is a Delaware corporation.

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

4. The amount in controversy in this matter exclusive of interest, costs and attorney fees, exceeds $75,000.

5. On or about August 24, 2021, plaintiff accepted employment with HUI. Plaintiff's initial job title was Director, Partner Business Development.

1
**COMPLAINT FOR DAMAGES**

6. At all times mentioned herein, plaintiff performed all his employment duties and responsibilities in exemplary fashion and to the best of his abilities.

7. During the course of his employment by HUI, the plaintiff discovered that HUI was engaging in what plaintiff observed and reasonably believed to be questionable and illegal pricing of its products and services and deceiving and drfrauding HUI's customers.

8. Following his acceptance of employment at HUI, Plaintiff further discovered HUI had misrepresented the nature of his duties and responsibilities for the job position he had accepted.

9. On or about October 14, 2021, and thereafter, Plaintiff began to complain and express concerns about the foregoing business practices and misrepresentation to management, specifically complaining to Ashley Perwin and Rakesh Mahajan.

10. Plaintiff's complains and concerns were ignored by Perwin, Mahajan and HUI. Instead, HUI management began to criticize plaintiff's work performance and falsely blame him for the mistakes of other employees.

11. On November 8, 2021, solely motivated by plaintiff expressing the foregoing concerns and complaints about the foregoing business practices, HUI wrongfully retaliated against the plaintiff by abruptly terminating his employment.

12. The defendant's termination of plaintiff's employment was an adverse employment action under California Labor Code Section 1102.5.

13. As the direct and proximate result of the foregoing actions of the defendant, the plaintiff has been damaged in a sum in excess of $75,000, including lost past and future income, the incurrence of attorney fees and costs.

## FIRST CAUSE ACTION

## UNLAWFUL EMPLOYMENT RETALIATION

14. The plaintiff incorporates and realleges each and every allegation pleaded in Paragraphs 1 through 13, *supra*, of this complaint.

15. The foregoing retaliation of the defendant aga8nst the plaintiff and the termination of his employment violated California Labor Code §1102.5.

16. As the result of such violations, the plaintiff is entitled to recover his actual damages (Labor Code §1105), and/or a civil penalty from defendant of $10,000 for each violation (Labor Code §§1102.5(f), 98.6(b)(3)) and his attorney fees incurred in bringing this action (Labor Code §1021.5).

## SECOND CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200

17. The plaintiff incorporates and realleges each and every allegation pleaded in Paragraphs 1 through 16, *supra*, of this complaint.

18. The termination of plaintiff's employment by defendant was an "unlawful, unfair or fraudulent business act or practice" as set forth by Business and Professions Code §17200.

Defendant is therefore liable to the plaintiff for all of plaintiff's harm and damages proximately arising from the termination of his employment by defendant including, his actual damages, and his attorney fees incurred in bringing this action.

# THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION AGAINST PUBLIC POLICIES

19. The plaintiff incorporates and realleges each and every allegation pleaded in Paragraphs 1 through 18, *supra*, of this complaint.

20. The termination of plaintiff's employment by defendant violated California public policies created by a statute or regulation, to wit: Labor Code §1102.5 and Civil Code §17200.

21. Defendant is therefore liable to the plaintiff for all of plaintiff's damages proximately arising from the termination of his employment by defendant including, his actual damages, a civil penalty of $10,000 for each violation and his attorney fees incurred in bringing this action.

## REQUESTS FOR RELIEF

Plaintiff requests the following reliefs:

A. For general and special damages in excess of $75,000 and according to proof at trial;

B. For interest on such damages from the date of their incurrence;

C. For civil penalties and fines as may be applicable by law;

D. For plaintiff's reasonable attorney fees incurred in bringing this action.

Dated:   March 18, 2022                           THE JAFFE LAW FIRM

By: _____/s/_____
STEPHEN R. JAFFE
ATTORNEYS FOR ANTHONY WINCKOWSKI