UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WINCKOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>HUMAN INTEREST, INC.,<br><br>    Defendant. | Case No. 22-cv-01734-JD<br><br>**ORDER RE DISMISSAL AND SUMMONS** |

## I.   MOTION TO DISMISS

Defendant Human Interest Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is granted. Dkt. No. 14.

Plaintiff Winckowski has alleged fraudulent conduct on the part of Human Interest. *See* Dkt. No. 1 ¶ 7 ("plaintiff discovered that HUI was engaging in what plaintiff observed and reasonably believed to be questionable and illegal pricing of its products and services and deceiving and defrauding HUI's customers"); ¶ 8 ("plaintiff further discovered HUI had misrepresented the nature of his duties and responsibilities for the job position he had accepted"). These allegations sound in fraud, and are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir. 2003). Winckowski has provided no details whatsoever for these allegations of fraudulent conduct, and so has not satisfied Rule 9(b)'s "demand[] that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (cleaned up).

Because these "particular averments of fraud are insufficiently pled under Rule 9(b)," the Court is to "'disregard' those averments, or 'strip' them from the claim" and "examine the

allegations that remain to determine whether they state a claim." *Vess*, 317 F.3d at 1105. Without those averments, which are why Winckowski says he was "wrongfully . . . terminated," Dkt. No. 1 ¶ 11, Winckowski does not have a plausible claim of retaliation under California Labor Code § 1102.5. *See Ross v. County of Riverside*, 36 Cal. App. 5th 580, 591-92 (2019) (first element of a claim for violation of Labor Code § 1102.5 is "a prima facie case of retaliation," which requires plaintiff to show that they (1) "engaged in [a] protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) there is a causal link between the two."). Without a plausible Labor Code § 1102.5 claim, the second and third claims -- which Winckowski acknowledges are "derivative claims," Dkt. No. 17 at 3 -- cannot go forward.

Consequently, the complaint is dismissed. Leave to amend is appropriate at this early stage of the case. Plaintiff may file an amended complaint by October 21, 2022. No new claims or defendants may be added without express authorization from the Court.

## II. SUMMONS

The ECF docket indicates that Winckowski did not file a proposed summons, and so the Clerk's Office did not issue a summons to Human Interest. *See* Dkt. No. 7. On March 22, 2022, the Clerk's Office entered a note on the public docket that "proposed summons has not been e-filed" and "no summons has been issued by the Clerk's Office." Even so, Winckowski filed a "proof of service of summons" which attaches a summons with the electronic signature of the "Clerk or Deputy Clerk," dated March 18, 2022. Dkt. No. 7 at ECF p. 2.

This is an odd discrepancy. Winckowski's attorney, Stephen R. Jaffe, is directed to file by October 6, 2022, a declaration explaining the situation, and how he obtained the summons with the Clerk's Office's signature.

**IT IS SO ORDERED.**

Dated: September 29, 2022

_____
JAMES DONATO
United States District Judge